1  KAREN P. HEWITT
   United States Attorney
2  ANDREW G. SCHOPLER
   Assistant U.S. Attorney
3  California State Bar No. 236585
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone No.: (619) 557-5836
   Facsimile No.: (619) 235-2757
6
7  Attorneys for Plaintiff
   United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,        )   Criminal Case No. 07CR3158-JLS
11                                   )
                 Plaintiff,          )   Date:   February 8, 2008
12                                   )   Time:   9:00 a.m.
                 v.                  )
13                                   )   UNITED    STATES'   RESPONSE    IN
   LUZ MARIA BUENROSTRO-VILLARUEL,)      OPPOSITION TO DEFENSE MOTIONS TO:
14                                   )
                 Defendant.          )   (1)     COMPEL DISCOVERY
15                                   )   (2)     DISMISS INDICT. (ELEMENTS)
                                     )   (3)     SUPPRESS STATEMENTS
16                                   )   (4)     FILE FURTHER MOTIONS
                                     )
17                                   )   TOGETHER WITH STATEMENT OF FACTS,
                                     )   MEMORANDUM   OF   POINTS   AND
18                                   )   AUTHORITIES, AND UNITED STATES'
                                     )   MOTIONS FOR:
19                                   )
                                     )   (1)     RECIPROCAL DISCOVERY
20                                   )   (2)     FINGERPRINT EXEMPLARS
                                     )
21                                   )   AND EXPERT NOTICE RE:
                                     )   (1)     FINGERPRINT EXPERT
22  _____ )   (2)     A-FILE CUSTODIAN

23
24        COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

25  KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S.

26  Attorney, and hereby files its response in opposition to the motions filed on behalf of defendant

27  LUZ MARIA BUENROSTRO-VILLARUEL ("Defendant") and hereby files its motions for

28  reciprocal discovery and for fingerprint exemplars, which are based upon the files and records of

    this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I**

**INTRODUCTION**

Defendant stands charged with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

**II**

**STATEMENT OF FACTS**

**A.    CRIMINAL HISTORY: Aggravated Felonies**

Defendant has been convicted of at least four felonies (including drug-trafficking offenses and burglaries) and five misdemeanors (including petty theft, prostitution and being under the influence of a controlled substance).  Her most recent conviction occurred on or about **October 12, 2004**, when she was sentenced to 3 years in prison in Imperial County, California, Superior Court for transporting/selling a controlled substance.  She also received a 4-year sentence on or about November 16, 1990, in Los Angeles state court for possessing/purchasing for sale a controlled substance.

**B.    IMMIGRATION HISTORY: Subsequent Deportation**

On August 21, 2006, an Immigration Judge ordered Defendant removed from the United States to Mexico.  On **August 23, 2006**, immigration officials physically removed Defendant from the United States, afoot at the Otay Mesa, California, Port of Entry.

**C.    FOUND IN THE UNITED STATES**

On **September 17, 2007**, investigators with the Border Patrol's Smuggling Interdiction Group Criminal Alien Squad ("SIG/CAS") received a lead that Defendant was possibly residing in San Diego and working at Bordeaux Printers on 9216 Abraham Way in Santee, California. Border Patrol Agent ("BPA") David Penta and BPA Bernardino Soto traveled to Bordeaux Printers and spoke to the owner/operator, Mr. Gail Bordeaux.  Mr. Bordeaux stated that Defendant did work there and led them to the production area of the office and pointed them toward a woman meeting the physical description of Defendant.

07CR3158-JLS

1       At approximately 9:30 a.m., the agents approached the woman, identified themselves as

2   BPAs and displayed their badges.  They questioned Defendant as to her identity and immigration

3   status.  Defendant admitted her name, and that she was born in Mexico.  The agents asked if she

4   had any immigration documents to remain in the United States legally.  Defendant stated that she

5   did not and that she is in the country illegally.  Defendant was then arrested and transported to the

6   El Cajon Border Patrol Processing Facility.

7       At 10:22 a.m., BPA Penta advised Defendant of her consular rights, and she declined to

8   speak to a consular official.

9           **(1)**     **Mirandized, Videotaped Post-Arrest Statement**

10      At 10:53 a.m., during a videorecorded statement, BPA Soto advised Defendant of her

11  <u>Miranda</u> rights in the Spanish language, in the presence of BPA Penta.  Defendant waived her

12  rights, and admitted her alienage and that she did not possess any documents to enter or remain in

13  the United States legally.  She admitted that she had been deported by an Immigration Judge.  She

14  also stated that she illegally entered the United States on or about September 16, 2007, by walking

15  through the hills near Tecate, California.  She stated that she entered the United States of her own

16  free will, knowing that it was illegal to do so.  Defendant also admitted to going to prison on many

17  prior occasions, including for burglary and narcotics offenses.

18                        **III**

19           **POINTS AND AUTHORITIES**

20  **A.**     **THE UNITED STATES WILL PRODUCE REQUIRED DISCOVERY**

21      The United States intends to fully comply with its discovery obligations under <u>Brady v.</u>

22  <u>Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal

23  Rules of Criminal Procedure.  The Government anticipates that most discovery issues can be

24  resolved amicably and informally, and has addressed Defendant's specific requests below.

25          **(1)**     **The Defendant's Statements**

26      The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

27  provide to Defendant the substance of Defendant's oral statements and Defendant's written

28

07CR3158-JLS

statements. The Government has informed Defendant of all written statements that are known to the undersigned Assistant U.S. Attorney at this date and will produce all available videotapes and/or audiotapes as soon as possible. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

1    was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

2    under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to Defendant.

3                        **(2)      Arrest Reports and Notes**

4              The United States has provided Defendant with arrest reports. As noted previously, agent

5    rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16

6    discovery.

7                        **(3)      Brady Material**

8              Again, the United States is well aware of and will continue to perform its duty under <u>Brady</u>

9    <u>v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose

10   exculpatory evidence within its possession that is material to the issue of guilt or punishment.

11   Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be,

12   favorable to the accused, or which pertains to the credibility of the United States' case.  As stated

13   in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution

14   does not have a constitutional duty to disclose every bit of information that might affect the jury's

15   decision; it need only disclose information favorable to the defense that meets the appropriate

16   standard of materiality."  <u>Id.</u> at 774-775 (citation omitted).

17             The United States will turn over evidence within its possession which could be used to

18   properly impeach a witness who has been called to testify.

19             Although the United States will provide conviction records, if any, which could be used

20   to impeach a witness, the United States is under no obligation to turn over the criminal records of

21   all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  When disclosing such

22   information, disclosure need only extend to witnesses the United States intends to call in its case-

23   in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,

24   607 F.2d 1305, 1309 (9th Cir. 1979).

25             Finally, the United States will continue to comply with its obligations pursuant to

26   <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

27   //

28

07CR3158-JLS

1                 **(4)**     **Sentencing Information**

2        The United States is not obligated under <u>Brady</u> to furnish a defendant with information

3 which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). <u>Brady</u>

4 is a rule of disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already

5 known to the defendant. In such case, the United States has not suppressed the evidence and

6 consequently has no <u>Brady</u> obligation. <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

7        But even assuming Defendant does not already possess the information about factors which

8 might affect his guideline range, the United States would not be required to provide information

9 bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of

10 guilty and prior to his sentencing date. <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th

11 Cir. 1988) ("No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time

12 when the disclosure remains in value."). Accordingly, Defendant's demand for this information

13 is premature.

14                 **(5)**     **Defendant's Prior Record**

15        The United States has provided Defendant with a copy of his criminal record in accordance

16 with Federal Rule of Criminal Procedure 16(a)(1)(B).

17                 **(6)**     **Proposed 404(b) and 609(b) Evidence**

18        The United States will provide Defendant with official notice of its proposed use of other

19 acts evidence, pursuant to Federal Rules of Evidence 404(b) or 609(b), and information about such

20 acts at the time the United States' trial memorandum is filed.

21        However, in the interests of avoiding any claims of inadequate notice, the United States

22 alerts Defendant that, if Defendant testifies, the United States intends to impeach Defendant with

23 her **2004 conviction (and 3-year sentence) in Imperial County, California, Superior Court for**

24 **transporting/selling a controlled substance**. Defendant has at least eight (8) other convictions

25 (including 3 felonies), which the United States may consider for Rule 609(b) impeachment

26 purposes as well.

27

28

07CR3158-JLS

1    The United States does not consider Defendant's prior illegal entries or deportations to be

2    Rule 404(b) evidence, but Defendant should be on notice that the United States may introduce any

3    or all of these prior events to prove the elements of this offense.

4    **(7)**    **Evidence Seized**

5    The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

6    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

7    evidence which is within the possession, custody or control of the United States, and which is

8    material to the preparation of Defendant's defense or are intended for use by the United States as

9    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

10    The United States, however, need not produce rebuttal evidence in advance of trial.  United

11    States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

12    **(8)**    **Preservation of Evidence**

13    The United States will preserve all evidence to which Defendant is entitled pursuant to the

14    relevant discovery rules.  However, the United States objects to any blanket request to preserve

15    all physical evidence.

16    The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

17    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

18    evidence which is within his possession, custody or control of the United States, and which is

19    material to the preparation of Defendant's defense or are intended for use by the United States as

20    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

21    The United States has made the evidence available to Defendant and Defendant's investigators and

22    will comply with any request for inspection.

23    Again, the United States will continue to comply with its obligations pursuant to

24    United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

25    **(9)**    **Law Enforcement Personnel Files – *Henthorn* Material**

26    The United States will continue to comply with its obligations pursuant to United States

27    v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

28

07CR3158-JLS

1

2       **(10)     Tangible Objects**

3           The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

4   allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

5   tangible objects seized that is within its possession, custody, or control, and that is either material

6   to the preparation of Defendant's defense, or is intended for use by the Government as evidence

7   during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government

8   need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767

9   F.2d 574, 584 (9th Cir. 1984).

10          **(11)     Expert Summaries**

11          The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

12  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

13  of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the

14  expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

15  opinions.  The United States has provided its expert notice below and has provided (or will

16  provide) resumes and reports in discovery.

17          **(12)     Impeachment Evidence**

18          As stated previously, the United States will turn over evidence within its possession which

19  could be used to properly impeach a witness who has been called to testify.

20          **(13)     Criminal Investigation of Government Witness**

21          Defendants are not entitled to any evidence that a prospective witness is under criminal

22  investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government]

23  witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

24  United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

25  of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

26  States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

27  the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a

28

07CR3158-JLS

defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

### (14)    <u>Evidence of Bias or Motive to Lie</u>

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

### (15)    <u>Evidence of Perception, Recollection, Communication, Truth-Telling</u>

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

### (16)    <u>Witness Addresses</u>

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial.  <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required.  <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness.  "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will

1     not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." <u>United States v. Hsin-</u>

2   <u>Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502

3   (D. Del. 1980)).  The Government is not required to produce all possible information and evidence

4   regarding any speculative defense claimed by Defendant.  <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8

5   (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

6   of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

7                            **(17)    <u>Witnesses Favorable to the Defendant</u>**

8         As stated earlier, the Government will continue to comply with its obligations under <u>Brady</u>

9   and its progeny.  At the present time, the Government is not aware of any witnesses who have

10  made an arguably favorable statements concerning Defendant or who could not identify him or

11  who were unsure of his identity or participation in the crime charged.

12                           **(18)    <u>Statements Relevant to the Defense</u>**

13        To reiterate, the United States will comply with all of its discovery obligations.  However,

14  "the prosecution does not have a constitutional duty to disclose every bit of information that might

15  affect the jury's decision; it need only disclose information favorable to the defense that meets the

16  appropriate standard of materiality."  <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted).

17                           **(19)    <u>Jencks Act Material</u>**

18        The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

19  on direct examination, the Government must give the Defendant any "statement" (as defined by

20  the Jencks Act) in the Government's possession that was made by the witness relating to the

21  subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

22  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

23  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

24  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

25  are read back to a witness to see whether or not the government agent correctly understood what

26  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

27  Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United</u>

28

1    _States_, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

2    material _after_ the witness testifies, the Government plans to provide most (if not all) Jencks Act

3    material well in advance of trial to avoid any needless delays.

**(20)    Giglio Information**

5    As stated previously, the United States will comply with its obligations pursuant to _Brady_

6    _v. Maryland_, 373 U.S.  83 (1963), the Jencks Act, _United States v. Henthorn_, 931 F.2d 29 (9th Cir.

7    1991), and _Giglio v. United States_, 405 U.S. 150 (1972).

**(21)    Agreements Between the Government and Witnesses**

9    The Government has not made or attempted to make any agreements with prospective

10    Government witnesses for any type of compensation for their cooperation or testimony.

**(22)    Informants and Cooperating Witnesses**

12    If the Government determines that there is a confidential informant in this case and that the

13    informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair

14    determination of a cause," the Government will either disclose the identity of the informant or

15    submit the informant's identity to the Court for an in-chambers inspection.  _Roviaro v. United_

16    _States_, 353 U.S. 53, 60-61 (1957) (emphasis added); _United States v. Ramirez-Rangel_, 103 F.3d

17    1501, 1505 (9th Cir. 1997) (same).

**(23)    Bias by Informants or Cooperating Witnesses**

19    As stated above, the United States is unaware of any evidence indicating that a prospective

20    witness is biased or prejudiced against Defendant.  The United States is also unaware of any

21    evidence that prospective witnesses have a motive to falsify or distort testimony.

**(24)    Law Enforcement Personnel Files**

23    The United States will continue to comply with its obligations pursuant to _United States_

24    _v. Henthorn_, 931 F.2d 29 (9th Cir. 1991).

**(25)    Training Manuals and Policies of Relevant Law Enforcement Agencies**

26    The United States objects to any defense request for discovery of policies, instructions and

27    training manuals regarding the interrogation of subjects.

28

11

1  **(26)    Performance Goals and Policy Awards**

2     The United States objects to any request for disclosure of performance goals and policy

3  awards with respect to the detection and interruption of criminal operations.

4  **(27)    Opportunity to Weigh , Count, View and Photograph Evidence**

5     The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

6  allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

7  tangible objects seized that is within its possession, custody, or control, and that is either material

8  to the preparation of Defendant's defense, or is intended for use by the Government as evidence

9  during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government

10  need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767

11  F.2d 574, 584 (9th Cir. 1984).

12  **(28)    Scientific Tests or Examinations**

13     The Government will comply with its obligations under Rule 16(a)(1)(F) with respect to

14  examinations or scientific tests.

15  **(29)    Residual Request**

16     The Government has already complied with Defendant's request for prompt compliance

17  with its discovery obligations.  The Government will comply with all of its discovery obligations,

18  but objects to any broad and unspecified residual discovery request.

19  **B.    THE INDICTMENT SHOULD NOT BE DISMISSED**

20     Defendant moves to dismiss the Indictment, claiming that it fails to allege that Defendant

21  knew Defendant was in the United States, that Defendant failed to undergo inspection by an

22  immigration officer, and that Defendant voluntarily entered the United States.  However, the Ninth

23  Circuit has already rejected this argument.  In United States v. Rivera-Sillas, 417 F.3d 1014 (9th

24  Cir. 2005), the Court held that the "found in" clause of 8 U.S.C. § 1326 "does not require the

25  indictment to specifically state that the defendant alien voluntarily entered the United States." Id.

26  at 1018.  Likewise, the Rivera-Sillas court held that the "Government need not plead and prove

27  entry in order to charge or convict an alien with a § 1326 'found in' crime." Id. at 1020.  Finally,

28

1   the <u>Rivera-Sillas</u> court held that the indictment need to allege general intent or that the defendant

2   knew he was in the United States.  <u>Id.</u> at 1020-21.  Thus, this motion should be denied.

3   ### C.      THE MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED

4          This Court can and should deny (without prejudice) Defendant's motion to suppress

5   statements without an evidentiary hearing because Defendant failed to (1) allege a specific factual

6   dispute and (2) provide a sworn declaration in support of his motion to suppress.

7   ### (1)      Defendant Failed To Allege a Specific Factual Dispute

8          A defendant is entitled to an evidentiary hearing only when evidence is in dispute.  <u>Jackson</u>

9   <u>v. Denno</u>, 378 U.S. 368 (1964).  <u>See</u> <u>United States v. Jenkins</u>, 785 F.2d 1387, 1394- 1395 (9th Cir.

10  1986); <u>United States v. Hart</u>, 729 F.2d 662 (10th Cir. 1984).

11         An evidentiary hearing is not required simply because a defendant, through counsel, alleges

12  a constitutional violation.  Rather, the need for an evidentiary hearing, which determination is

13  entrusted to the discretion of the district court, must be based upon a prima facie showing of

14  impropriety on the part of the government.  <u>See</u> <u>Nardone v. United States</u>, 308 U.S. 338, 342

15  (1939); <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986) (an evidentiary hearing is

16  required "if the moving papers are definite, specific, detailed and nonconjectural to enable the

17  court to conclude that contested issues of [material] fact . . . are at issue").

18         Defendant's motion fails to allege any specific factual or legal dispute regarding the

19  inadmissibility of the statements or evidence.

20  ### (2)      Defendant's Motion Is Not Supported By Declaration As
               Required By Crim. L.R. 47.1(g)

21

22         Where a defendant fails to submit a declaration in support of the factual allegations in a

23  motion in accordance with local rules—such as Crim. L.R. 47.1(g)(1) for this Court—the Court

    need not grant an evidentiary hearing.  <u>See</u> <u>United States v. Wardlow</u>, 951 F.2d 1115, 1116 (9th
24
    Cir. 1991) (District Court did not abuse its discretion in denying evidentiary hearing because
25
    defense counsel's declaration was insufficient to meet the requirements of the local rules for the
26
    Central District of California which requires motions be supported by a declaration signed by an
27
    individual who is competent to testify about the facts); <u>United States v. Moran-Garcia</u>, 783 F.
28

13                                                                              07CR3158-JLS

Supp. 1266, 1268-74 (S.D. Cal. 1991) (District Court for the Southern District of California had discretion to deny an evidentiary hearing when the defendant's suppression motion was not supported by a declaration of an individual who had personal knowledge of the events). Criminal Local Rule 47.1(g)(1) provides that all "[c]riminal motions requiring a  predicate factual finding shall be supported by declaration(s)." Id. (emphasis added).

Here,  Defendant has failed to support his allegations with a declaration as required by Crim. L.R. 47.1(g).  As such, this Court should deny Defendant's motion to suppress and find that Defendant's pre-arrest statements are admissible.

### (3)     In Any Event, Defendant's Pre-*Miranda* Statements Are Admissible

In any event, Defendant's pre-<u>Miranda</u> statements are admissible, because they are not the result of custodial interrogation.  "To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide 'whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."  <u>United States v. Kim</u>, 292 F.3d 969, 973 (9th Cir. 2002) (quoting <u>Stansbury v. California</u>, 511 U.S. 318, 322 (1994)).  Pertinent facts to consider include: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual."  <u>Kim</u>, 292 F.3d at 973 (citations omitted).  Based on these pertinent factors, the circumstances here did not amount to a restraint on freedom of the degree associated with a formal arrest.

### (a)     Language Used to Summon the Individual

Here Defendant was not summoned to questioning at all.  The agents approached her at her place of work, where she was already voluntarily stationed.  This differentiates this case from <u>Kim</u>, where the police prompted the defendant to go to her store for questioning.

### (b)     Confrontation with Evidence of Guilt

The agents never confronted Defendant with evidence of her guilt.  They simply asked for her name, identifying information and whether she had any papers to be in the United States.  None

14

of these questions implied guilt, and they were all appropriate questions to ask before making a decision to arrest someone.  Indeed, if they had not first determined that she had no documents allowing her to be in the United States, the defense would likely be moving to suppress for lack of probable cause to arrest.

### (c)     Physical Surroundings

The discussion occurred at Defendant's place of business, where she intended to be at that time of day anyhow.  She was not even asked to move to a special room for questioning.

### (d)     Duration of the Detention

The "detention" was extremely brief.  Defendant was not detained until she verified that she had no documents allowing her to be in the United States.  The agents only asked a few brief questions before taking her into custody.

### (e)     Degree of Pressure Applied to Detain Defendant

The agents used no threats or coercive tactics.  They simply identified themselves as Border Patrol agents, and asked her a few questions necessary to determine her identity and whether she was in the United States legally.

Thus, Defendant was not in custody, and her pre-Miranda statements at her place of business should be admissible.

### D.     NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS

The Government does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

### IV

### UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

### A.     ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make

07CR3158-JLS

1    copies or portions thereof, which are within the possession, custody, or control of Defendant and

2    which Defendant intends to introduce as evidence in his case-in-chief at trial.

3         The Government further requests that it be permitted to inspect and copy or photograph any

4    results or reports of physical or mental examinations and of scientific tests or experiments made

5    in connection with this case, which are in the possession and control of Defendant, which he

6    intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom

7    Defendant intends to call as a witness.  The Government also requests that the Court make such

8    order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives

9    the reciprocal discovery to which it is entitled.

10        **B.        RECIPROCAL JENCKS—DEFENSE WITNESS STATEMENTS**

11        Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

12   production of the prior statements of all witnesses, except a statement made by Defendant.  The

13   time frame established by Rule 26.2 requires the statements to be provided to the Government after

14   the witness has testified.  However, to expedite trial proceedings, the Government hereby requests

15   that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

16   before trial to be set by the Court.  Such an order should include any form in which these

17   statements are memorialized, including but not limited to, tape recordings, handwritten or typed

18   notes and reports.

19                                              **V**

20           **UNITED STATES' MOTION FOR FINGERPRINT EXEMPLARS**

21        As part of its case, the United States must prove that Defendant was previously deported

22   from the United States.  To prove this element, the United States anticipates calling a certified

23   fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the

24   warrants of deportation and other deportation documents.  A number of chain of custody witnesses

25   could be eliminated, and judicial resources conserved, by permitting the Government's expert to

26   take Defendant's fingerprints himself.  The Defendant's fingerprints are not testimonial evidence.

27   See Schmerber v. California, 384 U.S. 757 (1966).   Further, using identifying physical

28

1    characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against

2    self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United

3    States, 397 F.2d 156 (9th Cir. 1968); see also United States v. St. Onge, 676 F. Supp. 1041, 1043

4    (D. Mont. 1987).  Accordingly, the Government requests that the Court order that Defendant make

5    himself available for fingerprinting by the Government's fingerprint expert.

6                                              **VI**

7                          **UNITED STATES' EXPERT NOTICE**

8            Pursuant to Federal Rule of Evidence 16(a)(1)(G), the United States hereby provides the

9    defense notice and a written summary of testimony the United States intends to use, pursuant to

10   Federal Rules of Evidence 702, 703 and 705, during the trial in the above-referenced case.

11       **A.       FINGERPRINT ANALYSIS EXPERT**

12           **(1)    Opinions**

13           The Government intends to offer fingerprint evidence through **David Beers,** an expert in

14   the area of fingerprint analysis and comparison (the "fingerprint expert" or the "expert").  The

15   fingerprint expert will explain when, how, and from whom he obtained the prints, and the United

16   States anticipates that the fingerprint expert will identify Defendant as the individual the expert

17   personally fingerprinted.  The fingerprint expert will also testify that the expert reviewed various

18   documents in connection with this case, including, but not limited to, Warrants of

19   Removal/Deportation, Orders to Show Cause/Notices to Appear, and Fingerprint Cards, including

20   the card taken from Defendant at the time of arrest.  The Government anticipates that the

21   fingerprint expert will testify that the expert compared the known fingerprints taken from

22   Defendant with the fingerprints on the various immigration documents in Defendant's A-File and

23   that the prints matched.

24           The United States reserves the right to have the fingerprint expert examine and testify

25   regarding other documents that may become relevant before or during trial.

26   //

27   //

28

                                            17

1

2          **(2)     Bases and Reasons for Opinions**

3          The bases for the fingerprint expert's opinions include, but are not limited to, extensive

4   experience as a fingerprint technician and the number of fingerprint comparisons the expert has

5   completed during the course of the expert's career.  The United States anticipates that the fingerprint

6   expert will explain the expert's background, the science of fingerprint analysis, the features and

7   characteristics of fingerprints in general, the uniqueness of each individual's fingerprints, and the

8   methodology used to compare and contrast fingerprints.  The fingerprint expert will be asked to

9   state the expert's opinions and conclusions regarding analyses of the fingerprints on documents

10  in Defendant's A-file and any other documents that may be relevant.

11          **(3)     Qualifications**

12          The United States will provide (or has provided) Defendant with a copy of the fingerprint

13  expert's curriculum vitae and expert report in this case in discovery.  If the fingerprint expert must

14  be changed for some reason, the defense will be notified when the United States provides the new

15  expert's curriculum vitae and expert report to Defendant in discovery.

16      **B.     A-FILE CUSTODIAN**

17          Although the United States does not believe that it is expert testimony, the United States

18  hereby provides notice under Federal Rules of Evidence 701-705 concerning its intention to elicit

19  testimony from the A-File custodian **Jorge Salazar** (the "A-file custodian" or the "custodian").

20          **(1)     Opinions**

21          The Government intends to call the A-file custodian to testify to the deportation process

22  generally, relevant documents related to such a proceeding, and how a person who is ordered

23  deported is eventually removed from the United States in an effort to execute the Final

24  Administrative Removal Order.  The A-file custodian will also testify that, based upon the

25  custodian's review of documents, Defendant was ordered deported and removed from the United

26  States.  The A-file custodian will further testify that the custodian reviewed the Department of

27  Homeland Security's computer databases and that the A-file custodian found no I-212 form (which

28  would indicate that Defendant had applied for legal permission to reenter the United States).

Lastly, the custodian will testify that the only means by which a deported alien may apply for permission to reenter the United States is by filing an I-212 Form and that such a form would be listed in the computer databases checked.

### (2)    Bases and Reasons for Opinion

The A-file custodian's opinion will be based on analysis of the files of this case, along with the A-file custodian's background, education, training, experience, and knowledge of the A-files and those documents contained therein.

### (3)    Qualifications

A summary of the A-file custodian's training and experience will be produced to Defendant in discovery, if requested by the Court. Since the United States does not consider A-file custodian testimony to be expert testimony, the United States does not intend to provide such a summary in the absence of such an order.

## C.    RECIPROCAL EXPERT DISCOVERY

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the United States hereby requests a similar written summary regarding experts Defendant intends to call at trial.

## VII

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: February 8, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant U.S. Attorney

07CR3158-JLS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3158-JLS |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| LUZ MARIA BUENROSTRO-VILLARUEL,) | | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS; and UNITED STATES' EXPERT NOTICE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Leila W. Morgan

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2008

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant United States Attorney